## UNITED STATES *v.* FISHER.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted March 30th, 1883.—Decided November 5th, 1883.

*Salary—Statute.*

When Congress appropriates a sum " in full compensation " of the salary of a public officer, the incumbent cannot recover an additional sum in the court of claims, notwithstanding a prior statute fixes the salary at a larger amount than the sum so appropriated.

In such case the earlier act is suspended for the time covered by the appropriation.

The appellee, Fisher, held the office of Chief Justice of the Territory of Wyoming, from February 14th, 1876, to November 26th, 1879. Up to and including June 30th, 1877, he was paid his salary at the rate of $3,000 per annum. From June 30th, 1877, up to and including November 26th, 1879, he was paid and received, without protest, compensation as such chief justice, at the rate of $2,600 per annum.

The appellee, contending that he was entitled to a salary at the rate of $3,000 per annum for his whole term of service, brought this suit in the court of claims to recover the difference between what his salary at that rate would have been from June 30th, 1877, up to and including November 26th, 1879, and the amount actually paid him for that period.

The majority of the court of claims was of opinion that the

contention of the appellee could not be sustained; but in order that the question might be brought to this court and finally settled, rendered a judgment *pro forma* in his favor for $862.22, from which the United States have appealed.

*Mr. Solicitor-General Phillips* for the United States.
*Mr. J. Thomas Turner* and *Mr. Theodore H. N. McPherson* for the appellee.

MR. JUSTICE WOODS delivered the opinion of the court.

The act of June 17th, 1870, entitled "An Act to regulate the salaries of chief justices and associate justices in the Territories," 16 Stat. 152; Rev. St. § 1879, provided as follows:

"The salaries of the chief justices and associate justices of the Territories of New Mexico, Washington, Wyoming, etc., shall be three thousand dollars each per annum."

This statute remaining in force, Congress, on March 3d, 1877, passed an act entitled "An Act making appropriations for the legislative, executive and judicial expenses of the government for the year ending June 30th, 1878, and for other purposes." 19 Stat. 294. This act declared as follows:

"That the following sums be and the same are hereby appropriated out of any money in the treasury not otherwise appropriated, in full compensation for the service of the fiscal year ending June 30th, 1878, for the objects hereinafter expressed.

 \*  \*  \*  \*  \*  \*

"Government in the Territories.

 \*  \*  \*  \*  \*  \*

"Territory of Wyoming. For salaries of governor, chief justice and two associate judges, at two thousand six hundred dollars each."

The act of June 19th, 1878, making appropriations for the fiscal year ending June 30th, 1879, contained similar provisions in the same language. 20 Stat. 178, 194. The act of June 21st, 1879, 21 Stat. 23, making appropriations for the fiscal year ending June 30th, 1880, appropriated "the same sums of money

and for like purpose (and continuing the same provisions relating thereto) as were appropriated for the fiscal year ending June 30th, 1879," by the act above referred to making appropriations for that year. With the exception of the words "in full compensation," the opening clause of these acts is substantially the same as that used in all other appropriation acts of every description since the foundation of the government.

Upon this state of the statute law the question is presented whether from June 30th, 1877, up to and including November 26th, 1879, the appellee was entitled to a salary at the rate of $3,000 per annum, or at the rate of $2,600 per annum. The contention of appellee is that under the act of June 17th, 1870, he was entitled to a salary of $3,000; notwithstanding the subsequent legislation above referred to.

We cannot concur in this view. The act of June 17th, 1880, fixing the annual salary of appellee at $3,000, was not a contract that the salary should not be reduced during his term of office. *Butler* v. *Pennsylvania,* 10 How. 402. Nor was there any provision of the Constitution which forbade a reduction. *Clinton* v. *Engelbrecht,* 13 Wall. 434.

Congress therefore could, without the violation of any contract, reduce the salary of appellee, and had the constitutional power to do so.

Certain well-settled rules of interpretation are applicable to this case. One is that a legislative act is to be interpreted according to the intention of the legislation apparent upon its face, *Wilkinson* v. *Leland,* 2 Pet. 627 ; another, that, if possible, effect must be given to every clause, section, and word of the statute, Bacon's Abr. Statute, I. 2; *Powlter's Case,* 11 Coke, 29*a*, 34*a* ; Potter's Dwarris, 194 ; Opinion of the Justices, 22 Pick. 571 ; and a third, that where two acts are in irreconcilable conflict the later repeals the earlier act, even though there be no express repeal. *McCool* v. *Smith,* 1 Black, 459 ; *United States* v. *Tynen,* 11 Wall. 88 ; *Red Rock* v. *Henry,* 106 U. S. 596 ; *United States* v. *Inim,* 5 McLean, 178 ; *West* v. *Pine,* 4 Wash. 691 ; *Britton* v. *Commonwealth,* 1 Cush. 302.

Applying these rules, we think that the appropriation acts above referred to, so far as they concern the question in hand,

are susceptible of but one meaning. Placing side by side the two clauses of the statute which relate to this controversy, their plain effect is to appropriate $2,600 for the salary of the appellee for one year, and to declare that the sum so appropriated shall be in full compensation for his services as chief justice for the year specified. There is no ambiguity and no room for construction.

We cannot adopt the view of appellee unless we eliminate from the statute the words " in full compensation," which Congress, abandoning the long-used form of the appropriation acts has, *ex industria*, inserted. Our duty is to give them effect. When Congress has said that the sum appropriated shall be in full compensation of the services of the appellee, we cannot say that it shall not be in full compensation, and allow him a greater sum.

Not only do the words of the statute make the intention of Congress manifest, but that intention is plainly repugnant to the former statute, which fixes the yearly salary of the chief justice at $3,000. It is impossible that both acts should stand. No ingenuity can reconcile them. The later act must therefore prevail, and the earlier act must for the time covered by the appropriation acts above referred to be considered as suspended. The result of these views is that the judgment of the court of claims, which gives the appellant a salary at the rate of $3,000 per annum from June 30th, 1877, to November 26th, 1879, must be reversed, and

*The case remanded to the court of claims with directions to dismiss the petition.*