Nott, J.,
delivered the. opinion of the court:
Congress, by the Navy Appropriation Aet, 5th August, 1882;' (22 Stat. L., 289), directed the Secretary of the Navy to appoint a commission of three persons, one from the line officers, one-from the staff officers, “ one from civil life,” to “ consider and report to the next session of Congress” concerning the sale of navy-yards. The statute provided no compensation for the commissioner from civil life, nor did it authorize the Secretary to contract with him or to fix the rate of his compensation.
*486 Whether in sueli a case a discretion might be inferred which would authorize a Secretary to enter into an express contract fixing a rate of compensation, which would be obligatory, or whether, in the absence of further legislation, the non-official commissioner could maintain an action on an implied contract for the reasonable value, are questions not necessarily involved.
In the present case the statute designated no compensation and the Secretary of the Navy entered into no contract. The case therefore is to be adjudged by the principles which regulate implied contracts.
The statute, which authorized the employment required not -only that the commission should “ consider,” but that it should “ report,” concerning the sale of navy-yards, and this report was to be made “ to the next session of Congress.” The making of a report was therefore an essential part of the service, and as the report was to be made to Congress at its ensuing session, the commission was presumably created to procure information for that Congress. Time therefore was of the essence of the contract and performance within the designated time a •condition precedent to a recovery. When the commission failed to report in time for the action of Congress at the next •session the purpose of the employment failed and the commissioner in strictissimi juris forfeited all right to compensation. .But Congress, by subsequent legislation, waived this forfeiture and accepted the claimant’s subsequent services, and provided payment therefor.
It appears that the claimant has been paid out of various appropriations for or on account of his services, travel, and expenses between the 10th October, 1882, and the 1st March, 1881, $0,221.95.
It also appears that on the 22d March, 1883, the Secretary •of the Navy, by letter to the claimant, fixed the rate of his compensation at $4,000 per annum, and $5 per day for subsistence and expenses, and such sums as might be actually expended .for transportation.
It also appears that on the 22d January and 15th March, 1884, the Secretary of the Navy officially apprised Congress of 'the amount which would be necessary to pay the claimant for ¡his services, expenses, and expenditures at the rate fixed by the ."Secretary on the 22d March, 1883, to wit, the sum of $5,788.81.
*487 Finally it appears that Congress refused to appropriate the amount asked for by the Secretary of the Navy, and that in lieu thereof the following appropriation was made by the Act 1th July, 1884 (23 Stat. L., 244):
“ For payment in full of expenses and for compensation of civil commissioner appointed under provisions of act of Au-gnst 5, 1882, $3,788.81.”
And that the claimant has accepted payment out of this appropriation in the sum of $3,726.75, leaving a balance to the credit of the appropriation of $66.86.
It is manifest that the claimant’s rights are of no higher character than that of a Territorial judge whose salary is fixed by statute, and that by accepting payment out of the appropriation made for “ payment in full ” the claimant comes within the condition prescribed and within the principle recognized by the Supreme Court in Fisher's Case (109 U. S. R., 143). But the claimant is entitled to the balance of the appropriation remaining unexpended, which appears by the statement of the Fourth Auditor to be $66.86.
The defendants have set up a counter-claim and have sought to recover back certain moneys which were paid to the claimant for traveling expenses and expenditures. The counterclaim is based upon certain statutes regulating the traveling expenses of officers in the public service and upon the incompetency of the claimant’s evidence to establish the expenditures which the accounting officers have already refunded. The evidence, his own deposition, is undoubtedly incompetent; but the statutes which appropriated money i'or the claimant’s services and expenditures necessarily gave the accounting officers jurisdiction to settle and adjust his claim. In the absence of fraud or mistake ol fact such a settlement, after payment, cannot be reopened and the money recovered back. The distinction between this case and McElrath's (102 U. S. R., 426) is that there the claimant was, in fact and in law, a stranger to the United States, and the accounting officers were without authority of lawr to award him any balance whatever, and his so-called account had been kept open and finally unadjusted by his own action; while here the account has been mutually adjusted and settled, the balance paid, and everything between the parties relating to the account for expenditures closed. The *488 action of the claimant does not attack the settlement, but is to recover a balance remaining unpaid.
The judgment of the court is that the claimant recover the sum of $66.8(3, and that the counter-claim of the defendants be dismissed.
Weldon, J., was prevented by illness from sitting in this-case and took no part in the decision.
Scofield, J., was absent on the day when the judgment was announced, but sat in the case and .took part in the decision.