### BROWN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 30, 1906.)

No. 2,072.

**1. INDIANS—CRIMES COMMITTED ON RESERVATIONS—JURISDICTION—LARCENY.**

Larceny committed in an Indian reservation in the Territory of Oklahoma by one not an Indian is a crime against the laws of the United States and cognizable by the district courts of the territory while exercising the jurisdiction vested in the Circuit and District Courts of the United States.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Indians, § 64; vol. 14, Cent. Dig. Criminal Law, § 167.]

**2. LARCENY—INDICTMENT—ALLEGATION OF VALUE.**

Rev. St. U. S. § 5356 [U. S. Comp. St. 1901, p. 3638], providing for the punishment of larceny, does not make the value of the property stolen an element of the offense or a factor in determining its grade or punishment, and therefore it is not necessary that an indictment thereunder shall allege the value.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Larceny, § 76.]

(Syllabus by the Court.)

In Error to the Supreme Court of the Territory of Oklahoma. For opinion below, see 75 Pac. 291.

C. R. Buckner and G. W. Buckner, for plaintiffs in error. Horace Speed, U. S. Atty.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. The plaintiffs in error were convicted in the district court of Pawnee county in the territory of Oklahoma, while it was exercising the jurisdiction of the Circuit and District Courts of the United States, of the larceny of a horse in the Osage Indian Reservation, which is within that territory and is attached to Pawnee county for judicial purposes. The conviction was affirmed by the Supreme Court of the territory, 13 Okl. 512, 75 Pac. 291,

and its judgment is challenged by the present writ of error. The only matters relied upon to obtain a reversal are that the district court, while exercising the jurisdiction of the Circuit and District Courts of the United States, was without jurisdiction of the offense because it was one against the laws of the territory and not the laws of the United States, and that the indictment does not state any offense because it is not charged that the horse stolen had any value.

The district courts of the territory have a dual jurisdiction, one to administer the local law of the territorial government and the other to administer the laws of the United States, or, as the latter is expressed in the act establishing the territory, "the same jurisdiction in all cases arising under the Constitution and laws of the United States as is vested in the Circuit and District Courts of the United States." 26 Stat. c. 182, § 9; Ex parte Crow Dog, 109 U. S. 556, 560, 3 Sup. Ct. 396, 27 L. Ed. 1030; Gon-shay-ee, Petitioner, 130 U. S. 343, 348, 9 Sup. Ct. 542, 32 L. Ed. 973; United States v. Pridgeon, 153 U. S. 48, 58, 14 Sup. Ct. 746, 38 L. Ed. 631.

A general statute of the United States declares that every person who, upon the high seas, or in any place under the exclusive jurisdiction of the United States, takes and carries away, with intent to steal or purloin, the personal goods of another, shall be punished by a fine of not more than $1,000, or by imprisonment not more than one year, or by both such fine and imprisonment. Rev. St. § 5356 [U. S. Comp. St. 1901, p. 3638]. Another statute declares, subject to exceptions not here material, that the general laws of the United States as to the punishment of crimes committed in any place within the exclusive jurisdiction of the United States shall extend to the Indian country. Rev. St. § 2145. Other statutes make the last one inapplicable to certain crimes committed by Indians in the Indian country (Rev. St. § 2146; 23 Stat. c. 341, § 9), but they need not be noticed specially because the plaintiffs in error are not shown to be Indians. The locus of this offense, the Osage Indian Reservation, was Indian country—the Indian title to it had not been extinguished—and therefore the general statute for the punishment of larceny committed in any place within the exclusive jurisdiction of the United States extended to it under the operation of section 2145. Such is plainly the effect of the decision of the Supreme Court in Re Wilson, 140 U. S. 575, 11 Sup. Ct. 870, 35 L. Ed. 513, which involved a like question of jurisdiction in respect of an offense committed in an Indian reservation in the territory of Arizona. But the plaintiffs in error say that section 2145 was made inapplicable to the Indian reservations in Oklahoma by the act establishing the territorial government and extending its legislative power to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States. 26 Stat. c. 182, §§ 1, 6. We cannot assent to this. The establishment of the territorial government did not take from these reservations their status as Indian country or remove them from the plenary authority of the United States; nor was the continued application to them of section 2145 at all inconsistent with the possession by the territory of the restricted measure

of legislative power conferred upon it. United States v. Rogers, 4 How. 567, 573, 11 L. Ed. 1105; Bates v. Clark, 95 U. S. 204, 24 L. Ed. 471; National Bank v. County of Yankton, 101 U. S. 129, 133, 25 L. Ed. 1046; Ex parte Crow Dog, 109 U. S. 556, 3 Sup. Ct. 396, 27 L. Ed: 1030; In re Wilson, 140 U. S. 575, 11 Sup. Ct. 870, 35 L. Ed. 513. Section 2145 was one of the laws of the United States with which the territorial laws were required to be consistent. True, some portions of the opinion in United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631, give color to the view advanced by the plaintiffs in error, but these were not necessary to a decision of the case and cannot be regarded as overruling the decision in Re Wilson, or as holding that section 2145 has been in any sense superseded, particularly when neither is mentioned in the opinion. Pridgeon was convicted, not under sections 2145 and 5356, but under an act specially providing for the punishment of horse stealing and other crimes in the Indian Territory (25 Stat. 33, c. 10), and the real question presented and decided in the case, so far as it is of present concern, was whether this special act was superseded with respect to so much of the Indian Territory as was subsequently severed therefrom and incorporated into the Territory of Oklahoma. It was held that the act was so superseded. The distinction between that case and the present one is plain. Other cases relied upon, such as McBratney v. United States, 104 U. S. 621, 26 L. Ed. 869, and Draper v. United States, 164 U. S. 240, 17 Sup. Ct. 107, 41 L. Ed. 419, are inapplicable because they relate to crimes committed in a sovereign state the admission of which into the Union, without any exception with respect to the Indian reservations therein or the jurisdiction over them, removed those reservations from the plenary authority of the United States by reason of the constitutional rule of equality in respect of statehood. The case of Hollister v. United States (C. C. A.) 145 Fed. 773, related to a crime committed in an Indian reservation in South Dakota, jurisdiction to punish which had been competently ceded to the United States by the state and accepted by Congress before its commission. Our conclusion is that the offense of which the plaintiffs in error were convicted was one against the laws of the United States and therefore was properly cognizable on the federal side of the district court.

Section 5356, Rev. St. [U. S. Comp. St. 1901, p. 3638] does not make the offense which it defines and is designed to punish dependent upon the value of the property stolen and does not grade the punishment according to value. It was therefore not necessary that the value be alleged in the indictment. 1 Bishop, New Cr. Pro., §§ 540, 541; Bishop, Stat. Crimes, § 427.

The judgment is affirmed.