## THE UNITED STATES OF AMERICA *vs.* LEE SA KEE.

### January 4, 1908.

*Adultery—Definition—Legislation:* The meaning of the word *adultery* is fully defined and settled so far as to express an act of sexual intercourse between a married person and another person not his or her husband or wife; and in a statute providing a punishment for adultery it is not necessary to set forth the acts constituting it.

*Construction of amending statute:* An act amending another act may be found to have added to its scope if the words of the amending act show such intention.

*Exception to a rule:* An exception to a rule strengthens the application of the rule to matters not excepted.

*Criminal liability to distinct jurisdiction:* A person doing an act which violates both a federal and a state or territorial law, commits two offenses and may be punished for both.

*Criminal Law:* Demurrer to indictment.

*R. W. Breckons,* U. S. District Attorney, for the Government.

*J. A. Magoon* and *J. Lightfoot,* for Defendant.

DOLE, J. The defendant was indicted for the offense of adultery and demurred to the indictment, the first ground of the demurrer being that the acts which constitute adultery are not set out in the laws of the United States.

Although the section on adultery is somewhat clumsily drawn, adultery is a word whose meaning is fully adjudged and settled so far as to express an act of sexual intercourse be-

tween a married person and another person not his or her husband or wife. It further defines the offense as not applying to an unmarried woman who may have sexual intercourse with a married man.

The second ground is that the law providing for the punishment of persons guilty of adultery applies only to those Territories where Mormonism is recognized as one of the legitimate institutions of the Territory. This point is untenable. Although the act of July 1, 1862 (12 U. S. Stat. L. 501) was aimed at the practice of polygamy in the Territories and other places over which the United States has exclusive jurisdiction, and with certain acts of the legislature of Utah favoring polygamy, and was amended by the act of March 22, 1882 (22 U. S. Stat. L. 30), also aimed at polygamy in the Territories and other places over which the United States has exclusive jurisdiction, yet the act of March 3, 1887 (24 U. S. Stat. L., p. 635) which amends the act of 1882 is a more comprehensive statute containing enactments applicable to the Territory of Utah and the "so-called State of Deseret," and general enactments appertaining to the Territories of the United States. It deals not only with polygamy but also with the cognate offenses of adultery, fornication and incest. The act of 1887 departs from the special object of the two preceding acts, and clearly adds to their scope, intending by its words to deal with the subject of marriage more broadly by punishing all offenses inconsistent with the sanctity of the marriage relation. "All possible effect must be given to every clause, section and word of the statute." *United States v. Fisher,* 109 U. S. 143, 145. By the act of 1887 adultery is made a crime against the United States in the Territories and other places over which the United States has exclusive jurisdiction. *France v. Connor,* 27 Pac. 569: 161 U. S. 65, 67; *United States v. Baum,* 74 Fed. Rep. 43, 44.

The case of *United States v. Crawford,* 6 Mackey, 319, cited by counsel for the defendant, decides that the legislation under consideration does not apply to the District of Columbia and gives some reasons therefor which are not applicable to the

Territories and some which might indirectly apply to the Territory of Hawaii. I do not find, however, that this authority affects the position of the cases cited above.

Bearing upon this point, the District Attorney has called attention to section 5 of the organic act, which provides that the Constitution and all laws of the United States which are not locally inapplicable shall have the same force and effect within the Territory of Hawaii as elsewhere in the United States; "*provided,* that sections eighteen hundred and fifty and eighteen hundred and ninety of the Revised Statutes of the United States shall not apply to the Territory of Hawaii." The said section 1890 is section 3 of the act of 1862 above referred to, the first of the several acts under consideration. This section 5 of the organic act therefore implies and enacts that the rest of such acts not so excepted are in force in Hawaii if they are not locally inapplicable. *Exceptio firmat regulam.*

The third point of the demurrer is that the court has no jurisdiction for the reason that the crime of adultery is punishable under the laws of the Territory of Hawaii. There does not seem to be any precedent for this proposition, nor has any case been cited supporting it. Both the United States and the Territory of Hawaii have their pure food law for instance, not to speak of other laws on identical subjects. The case of *In re Murphy,* 40 Pac. Rep. 398, is based on the opposite proposition, that is that where the federal law exists there can not be a territorial law on the same subject, and this somewhat stronger contention is exhaustively taken up in that case and refuted.

As to the contention that a person committing one of the offenses under consideration in the Territory of Hawaii would be liable to be tried twice for the same offense if both the federal and territorial laws were in force, the answer is that he would be liable to be tried twice for the same act, once for violating a federal statute and once for violating a territorial statute,— making in reality two offenses. This is recognized in the Murphy case cited above, in which the Supreme Court of

Wyoming recognized the principle that residents in the United States are under two jurisdictions, the federal and that of a State or Territory, both of which may punish for the same act which is a violation of the laws of both jurisdictions. Also, see *Fox v. Ohio*, 46 U. S. 410, 434-435.

If the federal law punishing adultery and cognate offenses is in force here, it is obviously the duty of the Department of Justice to press the enforcement of it. The law is a most important one. The home,—the sacred and protected shrine of a pure family life, is the foundation of the State, and its existence is impossible without a due regard to the sanctity of the marriage relation. The United States has placed itself on record through legislation, as disapproving of the sentiment that such offenses are mere private matters between the parties concerned and directly affected by them, and not to be considered by the authorities except on the appeal of such parties, and has adopted the policy that the State is directly concerned because these offenses are really crimes against the State and the highest public interests.

The demurrer is overruled.