Antonio Soto Zaragoza, Petitioner and Appellant, *v.* Leslie A. MacLeod, Auditor, et al., Respondents and Appellees.

No. 7857.  Argued March 26, 1940.—Decided May 22, 1940.

*C. H. Juliá* for appellant. *George A. Malcolm, Attorney General, and E. de Aldrey, Assistant Attorney General,* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

The grounds for the present petition are as follows:

Antonio Soto Zaragoza was appointed Chief of Bureau and Secretary of the Board of Review and Equalization and took up his duties on November 27, 1933, all of which in ,accordance with sections 4, 5 and 6 of Act No. 75 of August 2, 1923, (Sess. Laws of 1923), entitled: "An Act creating a new Board of Equalization and Review, and amending sections 308, 310 and 313 of Title IX, Chapter I, of the Political Code of Porto Rico, and for other purposes," which in its pertinent parts reads as follows:

"Section 4.—A Bureau of the Board of Review is hereby created, to be composed of one chief who shall be *ex-officio* secretary of the Board of Review; one assistant chief and assistant secretary; one inspector; one English-Spanish stenographer and translator; two typists, and one messenger. It shall be the duty of the Secretary to keep two minutes books, ......

"Section 5.—The Treasurer of Porto Rico shall appoint the following permanent personnel for the Bureau of the Board of Review: One Chief of the Bureau and Secretary of the Board of

| | |
|---|---|
| Review and Equalization, at an annual salary of | $4,000.00 |
| One assistant chief and assistant secretary, at an annual salary of | 2,500.00 |
| One inspector at an annual salary of | 2,500.00 |
| One stenographer and translator, at an annual salary of | 1,800.00 |
| Two typists, at an annual salary of $700 each | 1,400.00 |
| One messenger, at an annual salary of | 500.00 |

"   .        .        .        .        .        .        .        .

"Section 6.—For payment of salaries to the aforesaid employees, as well as for furniture, typewriting machines, stationary, and the

payment of per diems and traveling expenses to the members of the board and the employees of the Bureau when it is necessary for them to travel in the performance of their official duties, the sum of thirty thousand (30,000) dollars a year is hereby appropriated, for the fiscal years 1923–24 and 1924–25, and for successive fiscal years.''

Petitioner alleges that from his appointment until June 30, 1936, he was paid a salary at the rate of $3,135 annually, and from July 1, 1936, until June 30, 1938, at the rate of $3,500, thus depriving him of a sum amounting to $3,241.76, which he claims by means of this mandamus proceeding for lack of some other adequate remedy at law.

In their answer the respondents denied that the compensation for petitioner's office at the time of his appointment was $4,000 and alleged, in opposition, that at the time of his appointment and induction into office, petitioner's salary in the general appropriation bill was at the rate of $3,135 annually. They specifically denied all the essential facts of the petition, and pleaded, as special defenses: (a) that the complaint fails to state facts sufficient to constitute a cause of action, and (b) that as the office filled by petitioner is one without specific duration, paragraph 13 of section 34 of the Organic Act of Puerto Rico is not applicable.

The case was tried in the District Court of San Juan which entered judgment denying the mandamus petition and taxing the costs against petitioner, excluding attorney's fees. The petitioner has brought the present appeal in which he assigns the following errors as committed by the trial court:

''(1) Holding that paragraph 13 of section 34 of the Organic Act is only applicable to public officers appointed for a definite term.

(2) Holding that petitioner is not a public officer.

(3) Failing to decide whether or not an officer who accepts a position with a limitation and a salary already established is entitled to the full salary as appropriated by law.

(4) Failing to hold that a special law can not be modified by a general law such as the general appropriation bill.''

We will discuss the above assignments in the order they have been assigned.

■ Paragraph 13 of section 34 of the Organic Act provides as follows:

"Section 34.— .      .      .      .      .      .

"   .      .      .      .      .      .      ..

"Except as otherwise provided in this Act, no law shall extend the term of any *public officer,* or increase or diminish his salary or emoluments *after his election or appointment,* nor permit any *officer or employee* to draw compensation for more than one office or position." (Italics ours.)

There is no doubt that all the prohibitions contained in the paragraph just transcribed, except the last one, exclusively refer to public *officers* appointed for a definite term. After a public officer has been elected and appointed to an office for a certain term and with a salary fixed by the law creating the same, no law shall extend such term, or increase or diminish the salary to which he was entitled at the time of his election or appointment. That the law does not extend such protection to "public employees" is evident, for they are only mentioned therein when providing that no law shall permit any *officer or employee* to draw compensation for more than one office or position.

■ We think it unnecessary for a determination of the case to go into a discussion as to whether the Chief of the Bureau and Secretary of the Board of Review and Equalization is a public officer or simply an employee, because his duties are purely of a clerical nature, without involving at all any executive delegation of sovereignty from the state. 22 R.C.L. 374.

■ The admission of the theory most favorable to petitioner, that is, that he is a public officer, would not alter at all our decision. Petitioner, according to his own allegation, was appointed to, and took up the duties of, his office on November 27, 1933, when the budget for the fiscal year 1932–33 had gone into effect and in which $3,135 had been appropriated for the salary of the Chief of the Bureau and Secretary of the Board of Review and Equalization during

said fiscal year. It has been held by this court in several of its decisions that an officer who has been appointed to and inducted into an office for a term and with a salary fixed by law is entitled to the difference between his salary as fixed by law and the sums appropriated in the budget during his tenure of office. See *Durand* v. *Sancho Bonet*, 50 P.R.R. 897; *Ponsa Parés* v. *Winship*, 51 P.R.R. 156; and *Samalea* v. *Winship*, 51 P.R.R. 234.

The doctrine in *Ponsa Parés* v. *Winship*, 53 P.R.R. 871, is applicable to the case at bar. Ponsa Parés had filled the office of District Attorney of Bayamón during a term of four years and received a compensation at the rate of $3,850 annually as fixed by an Act of 1930. On July 13, 1935, he was reappointed for a further four years when the budget for the fiscal year 1935–36 had already gone into effect, in which budget his salary as District Attorney of Bayamón was fixed at $3,291.75.

In deciding the case against plaintiff we said:

"The spirit and the purpose of paragraph 13 of section 34, *supra*, are to forbid legislative action after the appointment or re-appointment as the case may be. In the instant case the legislature acted before the date of the second appointment. . . .

" . . . . . What paragraph 13 forbids is any extension of the term for which a public officer has been appointed or any increase or diminution of his salary during the term for which he has been appointed, if appointed for a term, whatever the rule may be in the absence of a fixed term. (Citations.)'"

In the case at bar the Legislative Assembly had already taken action, bringing down the salary to $3,135 annually, by the time petitioner had accepted and been inducted into office. Petitioner can not allege that the constitutional provision invoked by him has been violated, inasmuch as the Legislature had acted prior to his appointment, and he accepted the position with the knowledge that his salary would be at the rate of $3,135 annually as fixed in the general appropriation bill. The only alteration made to petitioner's

salary subsequent to the date of his appointment was, according to his own allegations, in the direction of increasing it to $3,500 annually in the general appropriation bills for the years 1936–37 and 1937–38, of which petitioner fails to complain.

The first two errors assigned are without merit.

■ The third error assigned is also without merit in accordance with the doctrine in *Ponsa Parés* v. *Winship,* 53 P.R.R. 871. We held there that an officer who accepts a position with a salary fixed by the general appropriation bill is not entitled to be paid a compensation above that originally fixed by the act creating said office.

■■ The question raised in the fourth assignment of error is as follows: Is the reduction made in the general appropriation bill in the salary of the Chief of Bureau and Secretary of the Board of Review and Equalization, as fixed by Act No. 75 of 1923, constitutionally valid?

In support of his contention that such reduction is unconstitutional, appellant invokes paragraph 15 of section 34 of the Organic Act which says:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments, interest on the public debt, and for public schools. All other appropriations shall be made by separate bills, each embracing but one subject."

His contention is that as petitioner is not an officer of any of the departments mentioned in the paragraph above transcribed, his salary could not be included in and much less reduced by the appropriation bill. Let us see whether or not appellant is right.

Section 308 of the Political Code, as amended by section 1 of Act No. 75 of 1923 (Sess. Laws of 1923, p. 604), provides that for the purpose of revising the assessment of property taxes and passing on claims of taxpayers, "there shall be in the Department of Finance a permanent Board of Review and Equalization with an open office, etc." Section 5 of Act

No. 75, *supra,* provides that the personnel for the Bureau of the Board of Review and Equalization, created by section 4 thereof, shall be appointed permanently by the Treasurer of Puerto Rico. As may be seen, the Board of Review and Equalization is annexed to the Treasury Department which forms part of the executive branch of the Insular Government. The general appropriation bill for the fiscal year 1933–34, which was in force at the time petitioner took up the duties of his office, in conformity with the provisions of the Organic Act, appropriates the funds necessary to meet the ordinary expenses of the three branches or departments constituting the Government, to wit: Legislative Department, Executive Department, and Judicial Department.

The Executive Department consists of the office of the Governor, and that of the Executive Secretary; the Executive Branch of the Department of Justice, that is, the office of the Attorney General; the Treasury Department, with all its bureaus, sections, divisions and boards annexed thereto, including therein the Board of Review and Equalization; the office of the Auditor, with all its bureaus and divisions; the Department of Education, and the Departments of the Interior, Health, Agriculture and Commerce, and that of Labor.

The salaries of the permanent employees of the Board of Review and Equalization are and must be considered as ordinary expenses of the Treasury Department which is part of the Executive Department of the Insular Government; and the appropriations to cover such salaries may be included in the general appropriation bill, without violating thereby any provision of the Organic Act.

Appellant also invokes in his favor paragraphs 8 and 9 of section 34 of the Organic Act, which read as follows:

"No bill *except general appropriation bills,* shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed. (Italics ours.)

"No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length."

The Supreme Court of Washington construed similar provisions of said State in a case similar to the case at bar: *State* v. *Clausen,* 138 P. 653. The Legislative Assembly passed an act fixing the salary of the Deputy State Auditor and, subsequently, in the general appropriation bill his salary was increased. The Deputy State Auditor filed a petition for a writ of mandamus to compel the Auditor to pay him the salary as fixed in the general appropriation bill. The issue was set forth by the court as follows:

"Whether the Legislature can provide in a general appropriation bill for an increase of salary to any officer whose salary has been theretofore fixed by a general law, and, if so, whether the title of the general appropriation bill of 1913 is sufficient under article 2, paragraphs 19 and 37, of the state Constitution, are the questions to be decided....

"  .

"Appropriation bills, although temporary in duration, are nevertheless general laws. They are most carefully prepared and maturely considered. If they do not offend against the constitution and are found to be in irreconcillable conflict with a permanent act, the latter will be held to be suspended or repealed during the time the appropriation bill is in force. (Citations follow.)

"For 20 years and more it has been the settled practice of the Legislature and executive departments of the state to create offices and employments and to fix salaries of new and old officers by simple reference to the office in the general appropriation bill. It has been, and it well should be, the policy of the courts in construing statutes to ascertain the intent of the legislative branch of the government. No surer searchlight can be found than the settled practice of the legislative body, for a habit, if tolerated and acquiesced in for a period of years by the people, and if it in no way offends against any provision of the Constitution, becomes a quasi custom, and of custom it is said there can be no higher law."

The doctrine that the Legislative Assembly has power to increase or diminish the salary of an officer or employee in a general appropriation bill, even though the law fixing the salary for such office or employment be in force, is sustained by a great many decisions. The only limitation is that in exercising such power no constitutional provision should be violated. See: *Buchanan* v. *State Treas.,* 68 S.C. 411, 415, 47 S.E. 683; *Plowden* v. *Beattie,* 193 S.E. 651; *U. S.* v. *Mitchell,* 109 U.S. 146, 27 L.Ed. 887; *Belknap* v. *U. S.,* 150 U.S. 588, 37 L.Ed. 1191.

In *Belknap* v. *U. S., supra,* the situation was similar to that in the case at bar. Belknap was appointed U. S. Indian agent in California under a law which fixed the salary for such position at $1,800 annually. At the time of his appointment there was only appropriated in the appropriation bill the sum of $1,500 for his salary. Belknap filled the position during 10 years and was paid $1,500 for each of the first five years, and $1,000 for each of the other five years. In the action brought to recover the balance between the salary fixed by the statute creating the position and that appropriated in the general appropriation bill, it was held:

" . . . . When to these facts is added that the plaintiff with his first commission received notice that the salary was to be $1,500, as had been for years theretofore appropriated by Congress, and on reappointment that it was $1,000, and that during the years of his service he received the appropriations and receipted for them as in full payment for his services, we think it must be adjudged that he has received all that of right and by law he is entitled to receive, and that the judgment of the Court of Claims should, therefore, be affirmed."

See also: *United States* v. *Fisher,* 109 U.S. 143, 27 L.Ed. 885; *Wallace* v. *U. S.,* 133 U.S. 180, 33 L.Ed. 571; *Dunwoody* v. *U. S.,* 143 U.S. 578, 36 L.Ed. 269; *O'Donoghue* v. *U. S.,* 289 U.S. 516, 77 L.Ed. 1356; and *Williams* v. *U. S.,* 289 U.S. 553, 77 L.Ed. 1372.

For the foregoing reasons, the judgment entered by the District Court of San Juan on June 10, 1938, must be affirmed.

Mr. Justice Hutchison concurs in the result.