RAFFERTY   v.   UNITED STATES.

No. 11192.

United States Court of Appeals
Third Circuit.

Argued Feb. 2, 1954.

Decided Feb. 16, 1954.

J. Harry Pershing, Pittsburgh, Pa., for appellant.

Russell Chapin, Washington, D. C. (John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant's deceased brother Charles, who died February 27, 1952, at the time of his death and for many years prior thereto had been a Federal Post Office mail carrier. In 1944, while so employed, he had designated appellant as his beneficiary under the Civil Service Retirement Act of 1930, Section 12(d), 46 Stat. 477, as amended by Section 2 of the Act of June 22, 1934, 48 Stat. 1202, 5 U.S.C.A. § 724(d). Following his brother's death the Civil Service Commission refused to recognize him as said beneficiary because Charles had not complied with the terms of the Amendatory Retirement Act of 1950, 64 Stat. 214, which the Commission ruled governed the situation. Appellant sued under the Tucker Act. The order of the district court dismissing his action upheld the view of the Commission. This appeal followed.

It is undisputed that one of the main purposes of the 1950 statute was to eliminate the enormous file of 5,000,000 designated beneficiaries which had built up through the years. To achieve that result Section 12(e) of the Act as amended provided, among other things, that if the employee should die after having rendered five years of civilian service without a survivor or survivors entitled to annuity benefits the sum credited to his account in the Retirement Fund would be paid in the following order of precedence: (1) To the beneficiary or beneficiaries designated by the employee, (2) to the widow or widower, (3) to the child or children of the employee and descendants of deceased children by representation, (4) to his parents, (5) to the executor or administrator of his estate, or (6) to the next of kin determined by the Commission to be entitled thereto under the laws of the employee's domicile.

The thought behind this, as set out in the report of the House Civil Service Committee (H. Rep. 2163, 81st Cong. 2nd Sess.), was that the order of precedence would meet with such widespread approval among federal employees that only a few thousand of them would file beneficiary designations "and hence the huge file now containing 5,000,000 designations of beneficiary will be unnecessary and available for disposal." The Committee's theory was soundly based on the actual experience with a similar order of precedence in the Railroad Retirement Act.

There is a dispute, however, regarding the meaning of that part of Section 3 of the 1950 Act which amended Section 12(k) of the 1930 Act and reads:

"Each employee or former employee to whom this Act applies may, under regulations prescribed by the Civil Service Commission, designate a beneficiary or beneficiaries for the purposes of this Act. Except where an application for benefits based on the death of the designator has been received in the Civil Service Commission not later than three months following the effective date of this amendment, all designations of beneficiary received in the Civil Service Commission more than one month before such effective date shall be null and void."

Appellant construes this to mean that the "application for benefits" could not be validly made until after the death of

the designator and concludes therefore that since his brother was alive on both October 14, 1950, the effective date of the Act and three months thereafter, his application is excluded from the nullifying action of Section 3. The argument is earnestly and painstakingly advanced but it simply cannot prevail against the unmistakable meaning of Section 3. That section cancels all designations of beneficiary received in the Commission more than one month before the effective date of the Act with the one limited exception of protecting those existing designations where an application for benefits based on the death of the designator was received in the Commission not later than three months after the effective date of the amendment. The specific cause for this, as stated in the same House Report on the then bill, supra, is that "The section is necessary in order to protect the interests of beneficiaries already designated in those cases in which the employee or annuitant has not had an opportunity to file a new designation under the provisions of the bill." As is readily seen the designations of beneficiary protected by the saving section were those of employees who had died prior to the 1950 legislation becoming a law. Unfortunately Charles Rafferty died without redesignating a beneficiary as required by the 1950 statute. He left no one surviving him within precedence groups 2, 3 and 4. The Commission therefore tendered payment of the sum in his account to appellant as administrator of his brother's estate. This was rejected by appellant. In passing, there is no indication that the offer is not still available to the estate.

■ Appellant argues that the district judge erred in disposing of the suit on appellee's motion. His theory is that the issue was factual and therefore he should have been allowed a trial. The principle stated is of course sound but the facts urged in support of it are collateral at best. They do not touch the controlling legal question—whether under the amendatory 1950 law appellant had a cause of action for the amount to the credit of his brother in the Pension Fund. It was right and proper to decide that problem on motion. The Government was not attempting contradiction of the material facts. It asserted and substantiated the one proposition that as a matter of law appellant had no case. Appellant himself, after a fashion, would seem to agree that the issue was one of law for he concludes his brief by asking for judgment on the pleadings filed.

Finally, it is urged that appellant has been deprived of a vested right in his brother's funds without due process in violation of the Fifth Amendment.

■ The law is clear that even where, as here, there has been compulsory contribution to a retirement or pension fund the employee has no vested right in it until the particular event happens upon which the money or part of it is to be paid. In MacLeod v. Fernandez, 1 Cir., 1938, 101 F.2d 20, certiorari denied 308 U.S. 561, 60 S.Ct. 72, 84 L. Ed. 471, the statutory pension of an employee of the Insular Government of Puerto Rico was reduced by a later law. His contribution to the fund had been compulsory. The Court, following the rule in Dodge v. Board of Education, 302 U.S. 74, 79, 58 S.Ct. 98, 100, 82 L. Ed. 57, sustained the reduction. In the Dodge case an Illinois statute decreasing the amount of annuity payments to retired school teachers in the public schools of Chicago was under attack. The Court held, by Mr. Justice Roberts, "The presumption is that such a law is not intended to create private contractual or vested rights, but merely declares a policy to be pursued until the Legislature shall ordain otherwise." The early decision of Pennie v. Reis, 132 U. S. 464, 471, 10 S.Ct. 149, 151, 33 L.Ed. 426, is still the leading case on the general subject. It holds that until the pension or retirement pay is due the employee's right thereto is not contractual but "* * * a mere expectancy, created by the law, and liable to be revoked or destroyed by the same authority."

And see United States v. Fisher, 109 U. S. 143, 144, 3 S.Ct. 154, 27 L.Ed. 885; Butler v. Pennsylvania, 10 How. 402, 51 U.S. 402, 13 L.Ed. 472; McFarland v. Bieber, 32 App.D.C. 513.

Appellant is not the employee but the latter's beneficiary under the 1930 Act. The employee's designation, the source of appellant's claim, reserved to the former the right to change his beneficiary " * * * at any time in the manner and form prescribed by the Civil Service Commission and without the knowledge or consent of the benefici- ary." By its terms if the employee withdrew the amount to his credit in the Fund the designation of beneficiary im- mediately became "null and void".

There was no contract between appel- lant and the Government. He had at most a contingent expectancy which was voided by his brother's failure to act un- der the 1950 law. The district judge had no recourse but to grant the motion to dismiss his suit.

The order of the district court will be affirmed.