Edward MULLOWNEY, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 14748.

United States District Court
E. D. New York.

Oct. 30, 1957.

Edmund C. Donovan, Brooklyn, N. Y., for plaintiff, by K. Frederick Gross, Brooklyn, N. Y., of counsel.

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, New York City, by Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., for defendant.

BYERS, District Judge.

This is a defendant's motion for summary judgment in an action in which the plaintiff seeks to recover for Social Security payments alleged to be due, in the sum of *$3,387.30,* made up as follows:

| | | |
|---|---|---|
| 12 payments at $66.40 per month, for the calendar year 1951 | $ | 796.80 |
| 8 payments at $66.40 per month, from January 1, 1952 through August 1, 1952 | | 531.20 |
| 9 payments at $74.70 per month, from September 1, 1952 to and including May 1, 1953 | | 699.30 |
| 16 payments at $85.00 per month, from June 1, 1953 to and including September 1, 1954 | | 1,360.00 |
| | | $3,387.30 |

In addition, the plaintiff seeks a direction that the defendant pay $85 a month commencing October 1, 1954 "or such amount as complies with the Social Security Act, or any amendment thereto."

The complaint was filed September 10, 1954 by Edward Mullowney. The affidavit in opposition to this motion verified by the plaintiff's attorney July 3, 1957, indicates that Anna Virginia Mullowney, as Executrix of Edward, is the present plaintiff; details in that respect do not appear from any of the papers on file, nor does there seem to have been a substitution of party plaintiff.

The question for decision is whether Edward Mullowney had a vested right to receive Social Security benefits as at April 1, 1950 which could not be adversely affected by legislation passed subsequent to that date, namely, the Act of August 28, 1950 which amended Title 42 U.S.C.A. § 403.

The effect of the amendment concededly deprived him of Social Security payments by reason of his earnings as a self-employed real estate broker, in excess, first, of $50 a month, and later $75 a month.

It is not disputed that prior to January 1, 1951 earnings from self-employment did not affect either benefits payable under the Act or deductions therefrom.

Such earnings were first introduced into the scheme of Social Security payments by the amendments of 1950 above referred to.

It appears without dispute that Mullowney received a Certificate of Social Insurance Award (Claim No. 101–01–

8594) entitling him to Social Security benefits in the amount of $42.67 for each month commencing April, 1950, he having reached the age of sixty-five on March 25, 1950. Such payments were made for the months of April to September, inclusive, amounting to $256.02, and for the months of October, November and December, 1950 at the rate of $66.40, amounting to $199.20.

Effective January 1, 1951 no further payments were made, because the latter was the effective date of the amendments of 1950, since it appeared that his net earnings from self-employment were in excess of $50 a month.

This action of the Administrator was appealed pursuant to statutory process, with an unfavorable result to Mullowney, and that decision was denied review by the Appeals Council under date of May 14, 1954.

This action was timely begun (Title 42 U.S.C.A. § 405(g)). The plaintiff's argument is that he had a vested right to receive the Social Security payments awarded to him in 1950 and at the increased scale resulting from subsequent legislation. That the introduction of the element of earnings resulting from self-employment which were in fact sufficiently large to render him no longer a recipient of payments under the Statute, was an unconstitutional exercise of power, and should therefore be held to be nugatory.

■ The above factual recital appears from the pleadings and the papers submitted on this motion, and does not embrace any disputed issues; thus the case is believed to be appropriate for disposition on a motion for summary judgment.

Social Security payments are made out of the general treasury and are financed by collections made from both employers and employees. See Helvering v. Davis, 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307; Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279.

Payments made as the result of Congressional appropriation have not been thus far construed as contractual in their nature. Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L. Ed. 885; Ewing v. Risher, 10 Cir., 176 F.2d 641.

The foregoing has been recognized in Congressional Reports quoted from in the Government's brief.

The Statute provides (Title 42 U.S. C.A. § 1304) as follows:

"The right to alter, amend, or repeal any provision of this chapter is reserved to the Congress."

See also: MacLeod v. Fernandez, 1 Cir., 101 F.2d 20, certiorari denied Toste v. MacLeod, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471; Rafferty v. United States, 3 Cir., 210 F.2d 934; Canfield v. Ewing, D. C., 108 F.Supp. 130.

It has not been overlooked that the plaintiff seeks the advantages, namely the increased rates of Social Security payments, provided for in the 1950 amendments, and at the same time to claim that the legislation is unconstitutional. Since there is no requirement of consistency in the field of advocacy, it should be assumed that the plaintiff is aware of no embarrassment arising from this equivocal attitude. The latter is emphasized by the recital in the record made before the Department, of an application for recomputation, whereby the amount of his benefit was increased to $85 monthly.

It may be said in conclusion, that the plaintiff has not successfully shown that the Administrative Findings should be set aside for any infirmity therein either of law or of fact. Cf. Hobby v. Hodges, 10 Cir., 215 F.2d 754.

■ It results from all the foregoing considerations that in the opinion of this Court, Edward Mullowney did not acquire a vested right in the Social Security payments allotted to him according to the terms of the Certificate to which reference has been made (and as they might be increased), which rendered them immune from the further exercise of Congressional control, pursuant to the terms of the Statute above quoted.

The Government's brief is a carefully prepared argument which has been of great assistance to the Court.

Defendant's motion for summary judgment is granted.   Settle order.