Towson **PRICE**, Plaintiff,

v.

Marion B. **FOLSOM**, Secretary of Health, Education and Welfare, and Westinghouse Electric Corp., Defendants.

Civ. A. No. 970–57.

United States District Court
D. New Jersey.

Dec. 12, 1958.

As Amended Feb. 6, 1959.

Towson Price, Montclair, N. J., plaintiff, and atty. pro se.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Irwin I. Kimmelman, Asst. U. S. Atty., South Orange, N. J., for the Government.

Stryker, Tams & Horner, Newark, N. J., by Walter F. Waldau, Newark, N. J., for defendant Westinghouse Electric Corp.

WORTENDYKE, District Judge.

Defendant Secretary moves for summary judgment in this declaratory judgment action brought by plaintiff to review an administrative decision requiring Price to refund $1,182 of Social Security benefits paid to him during the year 1955. Plaintiff further seeks an adjudication that he is entitled to Old Age Insurance Benefits without deduction for earnings from his self-employment in the practice of law.

Price's cause of action, if any, against Westinghouse Electric Corp., his former employer, for a declaration that his retirement pension payments be adjusted to compensate for any deficiency in past or future Social Security payments, was severed and stayed pending the final determination of the issues between Price and the Secretary.

There are no genuine issues of material fact relevant to the questions presented on this motion. The uncontroverted facts are succinctly and comprehensively stated by the Referee of the Social Security Administration in his decision, as follows:

"On July 1, 1954, the claimant, Towson Price, filed an application for Old Age Insurance Benefits with the Bureau of Old-Age and Survivors Insurance of the Social Security Administration, alleging that he was born June 14, 1889. On July 10, 1954, he was awarded monthly benefits of $85.00, which were subsequently increased to $98.50 as of September 1954. Deductions were imposed for all months of 1955 because claimant had earnings of over $2,080 [from his self-employment in the practice of law] and worked for 12 months in that year. Since no benefits had been withheld during the year, refund in the amount of $1,182 was requested of the claimant, which claimant refused."

Price had attained the age of 65 on June 14, 1954 and retired upon a pension from his employment as a patent attorney with Westinghouse on July 1, 1954. On June 1, 1955 he opened his own office to pursue the private practice of law, which practice he still maintains. During 1955 he performed legal services for some part of at least four days a week and for some part of at least 200 days in the year, and received an income in excess of $2,080 from such practice. The Social Security Administration determined that such income should be deducted from Price's Old Age Insurance Benefit payments for 1955. This resulted in the extinguishment of Price's rights to all benefits for 1955, and the determination that the benefits already paid to him during 1955 should be refunded by him to the Government.

Price contended before the Referee, and contends here, that the deductions against his benefits were improperly imposed. He argues that since his earnings from the self-employed practice of law in 1955 were not *covered* by the Social Security Act, 42 U.S.C.A. § 301 et seq., such earnings cannot constitute a basis for deductions from his Social Security Benefits. He also contends that when he was awarded benefits in July 1954 deductions could be imposed upon payments only because of earnings from employment or self-employment "covered" by the Act. Therefore, he argues that the amendments to the Act which became effective January 1, 1955, prescribing deductions for self-employment earnings, should be construed to limit such deductions to earnings from employments contemplated by the Statute before amendment.

Price next contends that even if deductions are to be made from his benefits on the basis of income derived from his law practice during 1955, nevertheless, because he did not receive net income in excess of $80 in any of the months of April, June, July, August, October and November, 1955, no deductions should be imposed for those months. He asserts that a "self-employed person should not be considered to have rendered substantial services unless he made more than $80 a month."

Further, claiming to have acquired vested rights under the Act as it was before the 1954 amendments, by virtue of the award of benefits on July 10, 1954, Price argues that a construction of the Act as amended to impose deductions for earnings from non-covered self-employment would impair his contractual constitutional rights.

The Referee decided adversely to all of the foregoing contentions, and ruled that Price had received an overpayment of $1,182 for 1955, recovery of which should not be waived by the Government. The Appeals Council of the Social Security Administration denied plaintiff's request for review of the Referee's decision.

The statute governing the case herein is 49 Stat. 623 (1935), as amended, 42 U.S.C.A. § 403, entitled "Reduction of insurance benefits" and which, in pertinent part, provides:

"(b) Deductions, in such amounts and at such time or times as the Secretary shall determine, shall be made from any payment or payments under this subchapter to which an individual is entitled, until the total of such deductions equals such individual's benefit or benefits under Section 402 of this title for any month—

"(1) in which such individual is under the age of seventy-two and for which month he is *charged with any earnings* under the provisions of subsection (e) of this section." [Emphasis supplied.]

Subsection (e) of Section 403 supra, entitled "Months to which earnings are charged" provides:

"(e) For the purposes of subsection (b) * * * of this section— * *

"(2) if an individual's earnings for a taxable year of twelve months are in excess of $1,200, the amount of his earnings in excess of $1,200 shall be charged to months as follows: The first $80 of such excess shall be charged to the last month of such taxable year, and the balance, if any, of such excess shall be charged at the rate of $80 per month to each preceding month in such year to which such charging is not prohibited by the last sentence of this paragraph, until all of such balance has been applied."

The last sentence of this paragraph is as follows:

"Notwithstanding the preceding provisions of this paragraph, no part of the excess referred to in such provisions shall be charged to any month * * *

"(D) in which such individual did not engage in self-employment and did not render services for wages (determined as provided in

paragraph (4) of this subsection) of more than $80."

Subsection (e) continues:

"(3) * * *

"(B) for the purposes of clause (D) of paragraph (2) of this subsection—

"(i) an individual will be presumed, with respect to any month, to have been engaged in self-employment in such month until it is shown to the satisfaction of the Secretary that such individual rendered no substantial services in such month with respect to any trade or business the net income or loss of which is includible in computing (as provided in paragraph (4) of this subsection) his net earnings or net loss from self-employment for any taxable year. The Secretary shall by regulations prescribe the methods and criteria for determining whether or not an individual has rendered substantial services with respect to any trade or business."

Paragraph (4) of subsection (e) sets forth the method of determining an individual's earnings:

"(A) An individual's earnings for a taxable year shall be

"(i) * * * his net earnings from self-employment for such year, minus

"(ii) any net loss from self-employment for such year.

"(B) In determining an individual's net earnings from self-employment * * * for purposes of subparagraph (A) of this paragraph and subparagraph (B) of paragraph (3) of this subsection, the provisions of section 411 of this title, *other than paragraph * * (5) of subsection (c) of this sec-*

*tion,* shall be applicable; * * *."

[Emphasis supplied.]

This italicised portion of the last quoted paragraph leads us to Section 411, entitled "Definitions relating to self-employment", wherein, after defining the term "net earnings from self-employment" as the "gross income * * * derived by an individual from any trade or business carried on by such individual," 42 U.S.C.A. § 411(a), the term "trade or business" is defined in subsection (c) thereof. On January 1, 1955, the date Price commenced his law practice, this subsection read as follows:

"(c) The term 'trade or business', when used with reference to self-employment income or net earnings from self-employment income, * * * shall not include— * * *

"(5) the performance of service by an individual in the exercise of his profession as a * * * lawyer * * *." 64 Stat. 492, 503–4 (1950), 42 U.S.C.A. § 411.

Price contends that the deductions from the monthly benefits which the Social Security Administration determined as applicable do not apply to him for the reason that income from the practice of law was not *covered* by the Social Security Act during the year 1955, and therefore, such income could not be considered as income from a trade or business which would count as a deduction against the benefits he was then receiving.

It is true that in 1954, when Price was first awarded benefits under the Social Security Act, income from the practice of law was neither covered by the Act nor could such income be used in determining deductions from payments to beneficiaries under the Act.[1] However, in 1954 Congress amended

1. At that time the applicable provisions, 49 Stat. 623 (1935), as amended 42 U.S. C.A. § 403 provided:

"(b) Deductions, in such amounts and at such time or times as the Administrator shall determine, shall be made from any payment or payments under this subchapter to which an individual is entitled, until the total of such deductions equals such individual's benefit or benefits * * for any month. * * *

"(2) in which such individual is under the age of seventy-five and for

Sections 403(b), 68 Stat. 1073 (1954). These amendments became effective January 1, 1955, when Price was engaged in the private practice of law. Section 403 supra, now reads that deductions shall be made for such months as the beneficiary is charged with *any* earnings. Further, it can be seen upon careful reading of § 403(e) (4) supra, that net earnings from the exercise of the profession of law was not to be one of the exclusions from such chargeable earnings. Thus it is clear that self-employment in the practice of law and the income derived therefrom, although not *covered* under the Act in 1955, is to be included as a *deduction* from benefits paid under the Act.

The foregoing conclusion is confirmed by the legislative history of the 1954 amendment. The Senate and the House bills originally differed in this regard, but the Senate receded from its initial position at variance with the House bill. The Senate-proposed bill did not include income from non-covered work as a deduction from benefits received under the Act. S.Rep. 1987, 1954 U.S.Code Cong. and Admin.News, Vol. III, pp. 3728, 3777–78. That the House bill was the one adopted is made clear in Conference Report 2679, 1954 U.S.Code Cong. and Admin.News, supra, p. 3811, which stated:

> "The House bill, in combining wages and net earnings from self-employment as 'earnings' for retirement test purposes, included earnings derived from non-covered employment within the United States as well as net earnings from self-employment derived from certain noncovered trades and businesses. The Senate amendment provided that only earnings arising from covered employment and self-employment shall be included in 'earnings' for retirement test purposes. * * * The Senate recedes."

which month he is charged * * with net earnings from self-employment of more than $75; * * *."

Price next contends that deductions from his benefits should not be made for those months when the income he derived from his practice did not exceed $80. 42 U.S.C.A. § 403(e) sets forth the manner in which earnings are to be charged to the particular months in the taxable year. It is clear from this subsection and the regulation prescribed by the Secretary, 20 C.F.R. § 404.416 (Supp.1958), contained in Appendix to Title 42 U.S.C.A., and the example cited following this regulation, that the determinant of imposability of deductions from the monthly Social Security benefits in the case of a self-employed person is not whether such person necessarily earns over $80 for the particular month, but whether during that month he was engaged in self-employment in a trade or business.

Thus, under § 403(e) supra, in the case of Mr. Price, as his earnings for the year 1955 were in excess of $1,200, each multiple of $80 he earned over $1,200 cut off one month's payment of benefits. As his earnings exceeded $2,080, all twelve monthly benefits due him during 1955 were extinguished, for Price, by his own admission, rendered substantial services in each month during that year.

Thus it can be seen in the statute and the regulation referred to that Price's contentions are completely contrary to the pertinent provisions. The income from the practice of law, although not *covered* by the Act in 1955, was *included* by the amendments of 1954, effective in 1955, *in the deductions* to be imposed against the benefits received under the Act. It is also clear that as long as Price pursued his professional activities regularly in each month, as he admitted at the Referee's hearing, and regardless of whether his fees came in regularly, his total income for the year extinguished his rights to benefits for each and every month of 1955.

42 U.S.C.A. § 411, with certain differences here not applicable was worded the same as set forth *supra*.

Price next contends that even if his income from the practice of law was to be included as a deduction from his benefits, the amendment of 1954 which requires this is unconstitutional as applied to him, because it operates to deprive him of the Social Security benefits to which he claims to have obtained a vested right at the time he received the award of such benefits in July, 1954.

■ That the Social Security tax is constitutional was, of course, settled long ago in Helvering v. Davis, 1937, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307. That case also held that the "tax is not invalid as a result of its exemptions." Id. 301 U.S. at page 646, 57 S.Ct. at page 911; Canfield v. Ewing, D.C.E.D.N.Y. 1952, 108 F.Supp. 130. It is further clear that a person only has a right to Social Security payments to the extent that such right is supported by the provisions of the statute. Such a right is the creature of the Act and does not exist without it. Such right may come into being only upon strict adherence to the conditions set forth in the Social Security Laws. Ewing v. Risher, 10 Cir., 1949, 176 F.2d 641.

■■ It is a general rule that pension funds and payments made therefrom are a gratuitous allowance by the particular governmental body creating and authorizing them. As a consequence, a beneficiary of such a pension fund does not acquire a vested right to any payments therefrom except those which have actually become due and owing to the beneficiary. This is so whether the payments to the fund are voluntary or compulsory. MacLeod v. Fernandez, 1 Cir., 1938, 101 F.2d 20, certiorari denied sub nom. Toste v. MacLeod, 1939, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471. That case was a mandamus proceeding by a former governmental employee of Puerto Rico against the auditor of Puerto Rico to compel payments of amounts under a pension fund which had been reduced by subsequent legislation. Plaintiff in that case had applied for pension benefits in 1931 under legislation enacted in 1925 entitling him to payments of $2,000 per year for life. Under the 1925 Act, plaintiff was compelled to pay part of his salary into the pension fund. In 1935 the Puerto Rican legislature reduced the pension payments made to plaintiff. He brought suit claiming the 1935 law was unconstitutional on the ground that it deprived him of property in the pension fund to which he had obtained a vested right when he retired in 1931. The Court reversed the judgment for plaintiff, stating that employees, in making contracts of employment under which the right to participate in a pension fund accrues, do so in contemplation of the reserved right of the legislature to amend or repeal the laws on which the pension systems are founded. Therefore the right to participate in the fund, even though it arises from the pension contract, depends upon the continuance of existing laws. The Government has an unqualified right to the disposition of the funds paid in by the employees and the latter never attain any rights in the funds before they become payable. See also Rafferty v. United States, 3 Cir., 1954, 210 F.2d 934, to the same effect, viz., that an employee has no vested right in a retirement or pension fund, even when the contributions to such fund by him are compulsory rather than voluntary, until the occurrence of the event when the money from the fund actually becomes payable to the pensioner.

In regard to the power of Congress to change the Social Security laws, it should be noted that 42 U.S.C.A. § 1304 specifically states that "the right to alter, amend, or repeal any provision of this chapter [Social Security benefits] is reserved to Congress."

A contention similar to that herein was made in Mullowney v. Folsom, D.C. E.D.N.Y.1957, 156 F.Supp. 34. Mullowney involved a suit by an executrix to recover Social Security payments alleged to be due the decedent before he died. The decedent had received a Certificate of Social Insurance Award in 1950, upon his reaching age 65, which entitled him to certain monthly benefits. At the

time these payments started, earnings from self-employment were not applicable as a deduction against the payments of benefits under the Act. Effective January 1, 1951 the decedent's benefits were stopped because an amendment to the Social Security laws, passed in 1950, effective January 1, 1951, set up earnings over a certain amount from self-employment as a deduction from the benefits to be paid under the Act, and the decedent's self-employed earnings as a broker exceeded the statutory amount resulting in the cancellation of the benefits. It was argued by the plaintiff there, as here, that the decedent had a vested right to the benefits which he had been awarded under the Act, and that the subsequent legislation, which included self-employment income as a deduction against those benefits, was unconstitutional. Citing the above cases, and 42 U.S.C.A. § 1304 supra, Judge Byers held that the decedent did not acquire a vested right in the Social Security payments previously allocable to him.

 It is my opinion that Price's contention that earnings from the practice of law do not fall within the deductions to be taken against payments made to him in 1955 must fail under the plain meaning of the applicable statutes and regulations. With respect to his further contention that, if such deductions do apply, the 1954 amendment may not constitutionally deprive him of previously vested benefits under the Act, that contention also must fail under the cases cited and the specific statutory authority reserving to Congress the right to amend and repeal provisions of the Act.

Lastly, the Referee concluded that the payments of benefits totaling $1,182 made to Price in 1955 by the Social Security Administration was an overpayment and that the recovery of that amount by the Government should be allowed. The Referee found, upon examination of Price's financial status, that Price had "substantial assets in real estate and stocks, and substantial income from the practice of law and dividends on his stocks". Therefore he concluded that repayment of the overpayment would not defeat the purposes of the Social Security Act, and that to require repayment would not be against equity and good conscience.

42 U.S.C.A. § 404 entitled "Overpayments and underpayments" provides:

"(b) There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault * * and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

Price contended that in January 1955, when he set up his independent practice of law and when the new amendments prescribing new deductions to be taken against benefits under the Act became effective, he consulted a lawyer friend, who advised him that the practice of law did not come within the Act and therefore such income as he received from his law practice would not affect the benefits which were being paid to him.

The applicable regulation setting forth when an individual is at "fault" in a deduction over-payment, 20 C.F.R. § 404.511, Title 42 U.S.C.A.Appendix, provides:

"(a) Degree of care. An individual will not be 'without fault' if the Administration has evidence in its possession which shows either a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check. The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal cir-

cumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault in accepting a 'deduction overpayment'."

Price is an attorney at law licensed to practice in New Jersey and in the District of Columbia. The Court also takes judicial notice that a telephone call to any of the branch offices of the Department of Health, Education and Welfare will result in courteous and complete answers to all questions concerning Social Security benefits. Further, the Referee found that Price received with his December 1954 benefit check a document entitled "The New Social Security Act" which stated in part:

"In computing your total earnings, you must include *all your earnings* regardless of whether you were working for someone else, working for yourself as a self-employed person, or whether you were working *in an occupation not covered by the Social Security Act*. Include all your earnings for your taxable year, regardless of source. From this total you may deduct any net loss from self-employment before reporting the total amount."

Price also received, early in 1955, a form which stated "While you are under the age 72, your benefits may not be payable for one or more months of a year in which your total earnings from any kind of work exceed $1,200. Report to the Social Security Administra-tion promptly if, while you are under age 72, you expect your earnings from any employment and self-employment to exceed $1,200 for the year."

This Court has jurisdiction only to review the record of the proceedings before the Administrator. Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754. The findings of the Administrator, if supported by substantial evidence, are conclusive on this Court. 42 U.S.C.A. § 405(g). As long as the judgment is based on conclusions reached after due consideration of all relevant evidence presented, after the parties have been given a fair hearing, this Court has no power to disturb such a ruling. Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531. The Referee's finding in this case that Price was not without fault and thus liable for the repayment is based on substantial evidence and is therefore binding on this Court. Even if Price had been without fault, the burden further lay upon him to establish that a repayment by him of the overpayments would either defeat the purposes of the Social Security Act or would be against equity and good conscience. Irvin v. Hobby, D.C.Iowa 1955, 131 F.Supp. 851, 865. The decision of the Referee in this regard, not being arbitrary or capricious, should also be upheld.

Finally, on the basis of the foregoing, the prayer of Price for a declaratory judgment that he is eligible for Social Security benefits at the present time must be denied. The motion for summary judgment for the defendant Secretary is granted. An appropriate order may be submitted.