FRANK GAUER, INDIVIDUALLY AND AS CLASS REPRESENTA-
TIVE OF THE ESSEX COUNTY WELFARE BOARD AND DIVI-
SION RETIREES, PLAINTIFFS, v. ESSEX COUNTY DIVISION
OF WELFARE, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County
Special Civil Part

Decided June 26, 1985.

594

*Daniel G. Larkins* for plaintiffs (*Goldberger & Finn*, attorneys).

*Norman Schulaner* for defendant (*David H. Ben-Asher*, Essex County Counsel).

**OPINION**

FEINBERG, J.S.C.

**INTRODUCTION**

This matter involves a class action suit brought by retirees of the Essex County Welfare Board (hereinafter ECWB) against

the Essex County Division of Welfare (hereinafter ECDW). Plaintiffs seek to prevent the ECDW from discontinuing certain health insurance benefits. Defendant has moved for summary judgment, alleging (1) that the payment of such benefits is discriminatory and in violation of *N.J.S.A.* 40A:10-23, which requires that such payment be made "under uniform conditions," and (2) that such benefits are not vested rights and thus subject to modification or termination at the discretion of the ECDW.

Plaintiffs oppose this motion, claiming that the ECDW is authorized to establish its own conditions of employment, including benefits such as these, and also that many of the retirees relied upon representations by the ECWB that such benefits would continue, thus seeking to estop defendant from terminating such benefits.

A history of the ECWB is important in order to understand this case. At the time of its inception, the ECWB was an autonomous agency acting within Essex County. Welfare Board Resolution 74-12-3, adopted December 23, 1974, authorized and required the ECWB to reimburse retirees of the Board for the cost of continued coverage under the health insurance plan and for coverage under Part B of the Federal Medicare Program. This coverage was provided pursuant to Essex County's participation in the State Health Benefits Program, established under *N.J.S.A.* 52:14-17.25 *et seq.*

In April of 1979, pursuant to the Optional County Charter Act (hereinafter OCCA) *N.J.S.A.* 40:41A-1 *et seq.*, Essex County reorganized the structure of all county agencies, including the ECWB, by abolishing certain agencies and transferring their functions to various departments. As a part of this reorganization, the ECWB was abolished and its functions transferred to the Department of Citizen Services, under the control of Essex County. The County continued to reimburse retired employees with more than 25 years of service for the costs of coverage under the State Health Benefits Program.

No other retirees from the Essex County system received such benefits. In January of 1985, the County determined that it could no longer make such payments solely to the retirees of the ECWB. It is this decision that has brought this matter to the courts. Upon a full consideration of the facts and the law, including oral argument, this Court is convinced that defendant is entitled to summary judgment, despite plaintiff's contentions to the contrary.

## I.

Plaintiffs' first contention is that the ECDW is an autonomous agency entitled to establish its own employment and compensation schedules. However, the 1979 reorganization under the OCCA gave Essex County control of the operation of the ECWB. Such reorganization was held to be valid in *AFL–CIO v. Hudson County Welfare Board*, 141 *N.J.Super.* 25 (Ch.Div.1976). This action by the County effectively abolished the ECWB and transferred all its functions to the direct control of the County, through the Division of Citizen Services. Thus, the ECDW is subject to the same regulations and restrictions that apply to all other County agencies.

The controlling restriction in this matter is contained in *N.J.S.A.* 40A:10–23. While this statute permits an employer to continue to pay the premiums for health care coverage after retirement, it further requires that such payment be made "under uniform conditions as the governing body of the local unit shall prescribe." *N.J.S.A.* 40A:10–23. The local unit in this case is Essex County, pursuant to the OCCA. Since all County employees are covered under the single group health plan, whether or not to reimburse the costs of such coverage is a decision that must apply to *all* those who retire from covered employment. To single out ECWB retirees for such benefits is clearly discriminatory. The Senate County and Municipal Government Committee Statement to 40A:10–23 is also clear on this point:

The bill is permissive and, therefore, does not obligate any local governmental unit to assume any such insurance costs unless the governing body of the unit determines to do so. Should a governing body determine to pay such insurance premiums, *the policy must be applied uniformly to all qualified retirees.* [Emphasis supplied.]

Senate County and Municipal Government Committee Statement, Assembly No. 1573–L.1983, c. 364. Plaintiffs' claim that since all ECWB retirees received these benefits there was no discrimination, is without merit.

Plaintiffs cite the case of *AFL–CIO v. Union County Welfare Board,* 126 *N.J.Super.* 517 (App.Div.1974), in support of the proposition that the ECWB had the authority to determine its own compensation schedules. However, as noted in the Comment to the 1984 Amendments to *N.J.S.A.* 44:7–6.1:

All of the federal regulations that were principally relied upon by the court in the *Union County Welfare Board* case either have been deleted or substantially revised.

[Senate County and Municipal Government Committee Statement Assembly, No. 887–L–1984, c. 14.]

This Amendment gave the ECDW the power to negotiate all aspects of the wages, terms and conditions of employment through collective bargaining. It did *not* confer a unilateral right upon the ECWB to determine such terms. This Court feels that *N.J.S.A.* 44:7–6.1 would clearly permit the ECWB to pay the benefits in question here, had they been the subject of a collective bargaining agreement. Absent such agreement, however, the ECWB has no such authority.

## II.

Plaintiffs also claim that Ruling 11, a State Division of Public Welfare regulation promulgated pursuant to *N.J.S.A.* 44:7–6, which governs salary and wages of County welfare board employees, precludes termination of these rights by enactment of the OCCA. While the Chancery Division case of *State v. County of Hudson,* 161 *N.J.Super.* 29 (Ch.Div.1978) did hold that "*N.J.S.A.* 44:7–6 and Ruling 11 are not superceded by the Charter Law, and thus remain binding upon the counties

even after adoption of an optional form of government," *State v. County of Hudson,* at 52 the effect of this holding upon this case is limited.

Ruling 11 deals with compensation for welfare board employees, *not* retirees. As Judge Kentz noted, where a statute evidences a clear legislative declaration contrary to regulations enacted pursuant to statutes, the regulations must fail. *State v. County of Hudson,* at 49. In this case, there are three contrary declarations.

First, the OCCA grants counties the authority to:

Organize and regulate its internal affairs; create, alter and abolish offices, positions and employments and define the functions, powers and duties thereof; establish qualifications for persons holding offices, positions and employment; and provide for the manner of their appointment and removal and for their term, tenure and compensation. *N.J.S.A.* 40:41A–27(a).

Second, the 1984 Amendments to *N.J.S.A.* 44:7–6.1 and the Comments thereto make it clear that involvement of the State Division of Public Welfare in county welfare board action through Ruling 11, is an "anachronism."

Third, *N.J.S.A.* 40:10–23 and the Comments to that statute state that benefits such as those at issue here, while permitted, "must be applied uniformly to all qualified retirees." This statute mandates that all County retirees be treated evenhandedly, and directly conflicts with any claim that Ruling 11 entitles ECWB retirees to additional benefits.

### III.

Plaintiffs' third contention is that certain of the retirees retired from the ECWB in reliance upon representations that these payments would continue. Thus plaintiffs seek to estop the County from terminating such benefits. Equitable estoppel is a doctrine whereby a party who conceals or falsely represents material facts, knowing them to be so, which an innocent party reasonably relies upon to his detriment, will be prohibited from asserting a contrary position. *See DiNapoli v. Exxon,* 549 *F.Supp.* 449 (DCNJ 1982), quoting *National State*

*Bank v. Terminal Construction Corp.*, 217 *F.Supp.* 341 (DNJ 1963), aff'd 328 *F.*2d 315 (3d Cir.1964).

Plaintiffs claim that they relied upon the 1974 ECWB resolution providing for reimbursement of the costs of coverage in making their decision of whether and when to retire. Under the facts of this case, defendant ECDW is not so estopped.

There is no evidence that the ECWB concealed or falsely represented any facts when it passed the resolution plaintiffs claim to have relied upon. At the time the resolution was passed, there was no indication that the benefits granted thereunder would be subsequently terminated.

While it is clear plaintiffs will suffer a detriment, it is not so clear that plaintiffs could *reasonably* rely upon the resolution in making their retirement decisions. The plaintiffs here seek to continue to receive benefits in the future. There is no claim that any benefits are past due or owing. New Jersey law is clear on the point that, just as with pension benefits, until these benefits become due and owing, they do not vest, and cannot be considered "rights." Until such time, the benefits are subject to modification or termination at the discretion of the County. *Price v. Folsom*, 168 *F.Supp.* 392 (NJDC 1959), aff'd 280 *F.*2d 956, *cert.* denied 365 *U.S.* 817, 81 *S.Ct.* 698, 5 *L.Ed.*2d 695 (1961). While it is a close question, reliance upon benefits to which one has no right or entitlement is not reasonable and precludes the application of estoppel principles.

Plaintiffs also claim that § 14.6 of the Essex County enactment of the OCCA prohibits the County from adversely affecting "pension fund membership and rights" due to any transfer thereunder. However, as noted above, since the payments plaintiffs seek are *in futuro* payments, they are not vested, and plaintiffs have no right to them at this point. Section 14.6 does not prohibit the County's actions in this case.

This same argument applies to any claim of a denial of due process for lack of a hearing. While the line of cases proceeding from *Goldberg v. Kelly*, 397 *U.S.* 254, 90 *S.Ct.* 1011, 25

*L.Ed.*2d 287 (1970), do require an adequate hearing upon the termination of certain important rights, no "right" in this case was terminated, and thus no hearing was necessary.

## CONCLUSION

■ While summary judgment is disfavored in cases involving estoppel claims, due to the factual nature of the doctrine, *Swisscraft Novelty Co. v. Alad Realty Corp.*, 113 *N.J.Super.* 416, 423 (App.Div.1971), this case is ripe for disposition. This court finds there to be no issues of material fact in dispute, and the defendant Essex County Division of Welfare is entitled to judgment.